## BESSIE W. IVES
### v.
## THE JACKSONVILLE NATIONAL BANK ET AL.

*Partnership—Death of Member of Firm—Bill for Accounting—Administration—Failure of Executrix to Qualify in This State—Petition of Creditors for Appointment of Administrator—Lapse of Time.*

Upon petition of creditors praying the appointment of an administrator of the estate of a deceased debtor leaving property in this State, his executrix having failed to qualify here, this court declines to interfere with an order for such appointment, although a year elapsed between the closing of the litigation fixing the liability and the filing of the petition.

[Opinion filed May 25, 1888.]

APPEAL from the Circuit Court of Morgan County; the Hon. CYRUS EPLER, Judge, presiding.

Charles L. Ives and Matthew Ashelby formed a partnership for the purpose of carrying on the business of storing, buying and selling ice in the city of Jacksonville, on or about the 15th day of November, A. D. 1875.

Charles L. Ives died March 15, 1879, having first made and published his last will and testament, which was duly probated in the Probate Court of New Haven county, Connecticut.

The appellant, Bessie W. Ives, was by said will constituted the sole executrix thereof. She duly qualified as such executrix and took upon herself the execution of said will.

At the November term, 1882, of the Circuit Court of Morgan county, Illinois, the said executrix, Bessie W. Ives, exhibited her bill of complaint against Matthew Ashelby, alleging the partnership formed between decedent and the said Matthew Ashelby; that, during the continuance thereof, the said Ives was a non-resident of the city; that the said Ashelby had had the entire control and management of the business; that no settlement of the partnership transactions between the said Ashelby and the said Ives had ever been made in the lifetime of the latter, nor had the said Ashelby ever made settlement of said partnership affairs with her as such executrix, since the death of his partner; that since the death of the said Ives, the said Ashelby had continued in the possession and enjoyment of all the partnership assets; and praying for an accounting and settlement of the partnership accounts.

Such proceedings were had in said cause, that at the November term, 1885, a decree was rendered finding the said firm of

Ashelby & Co. indebted to the Jacksonville National Bank in the sum of $6,058.20, and to M. Ashelby in the sum of $5,243.80, and ordering and directing the sale of certain partnership real estate, and ordering and directing the said Bessie W. Ives, as executrix, to pay to Ashelby and the Jacksonville National Bank the aforesaid sums found due them, less the net proceeds of sale of said real estate, after paying costs and certain preferred claims.

On the 26th of December, 1886, the Jacksonville National Bank and Matthew Ashelby filed their petition in the County Court of Morgan county, Illinois, setting forth that the said Charles L. Ives had died testate, as above stated; that, under and by virtue of the aforesaid decree, they were creditors of the estate of said Ives in the aforesaid sums of $6,058.20 and $5,243.80, respectively, and that the testator died seized of real estate situated in the county of Morgan and State of Illinois, and that the same is still unsold; that the said Bessie W. Ives has duly qualified as executrix of said will, in the county of New Haven and State of Connecticut, but has never taken out letters of administration in the State of Illinois; that they are informed and believe that the said Bessie W. Ives is about to sell the real estate of said decedent, in said Morgan county, and that there is danger of its being sold to the purchaser without notice; praying that letters of administration be granted to some discreet and proper person.

The County Court, upon the hearing of said petition, granted the same and ordered that letters of administration with the will annexed be issued to Bazzil Davenport, public administrator, from which decision Bessie W. Ives prayed an appeal to the Circuit Court.

Upon the hearing of said appeal, the Circuit Court made an order affirming the order of the County Court granting such letters of administration, from which order appeal is brought to this court.

Messrs. BROWN & KIRBY, for appellant.

Messrs. MORRISON & WHITLOCK, for appellee.

CONGER, P. J. The question to be determined is, has the lapse of time between the death of Charles L. Ives and the date of the application for letters of administration been sufficiently explained to authorize the County Court to issue letters upon the petition filed. We think it has.

The litigation which fixed the liability of Ashelby & Co., was closed in November, 1885, and the petition for letters was filed in the County Court on the 26th of November, 1886.

Each case must be governed by its own peculiar facts and circumstances, and we think in this case the delay has been sufficiently explained.

The order of the Circuit Court will be affirmed.

*Order affirmed.*